IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20764
Summary Calendar
_____

BRYANT WADDELL,

                                        Plaintiff-Appellee,

versus

MONTGOMERY COUNTY TEXAS;
GUY WILLIAMS,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-2782
--------------------
May 30, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Defendants Guy Williams and Montgomery County Texas have

filed and interlocutory appeal of the district court's denial of

qualified immunity.  The district court denied qualified

immunity, granted summary judgment in part on the merits, and

denied summary judgment in part on the merits in this suit

brought by former deputy sheriff Bryant Waddell.  Waddell

asserted that he was unconstitutionally demoted, transferred, and

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ultimately terminated based upon his assertion of rights of free speech, free association, and political patronage.

This court does not consider the district court's denial of qualified immunity on Waddell's free-speech termination claims because the district court granted summary judgment to the defendants on the merits of these claims. To the extent that the defendants appeal the district court's denial of qualified immunity on Waddell's non-termination free-speech claims -- specifically his claims that he was wrongfully demoted and/or transferred based upon his exercise of his right to free speech, the district court's opinion is affirmed. As stated by the district court, the defendants did not raise arguments with respect to Waddell's non-termination claims in their summary judgment motion. See FDIC v. Mijalis, 15 F.3d 1314, 1327 (5th Cir. 1994); see also EEOC v. American Airlines, Inc., 48 F.3d 164, 172-73 (5th Cir. 1995).

The district court did not explicitly rule on the merits of Waddell's argument that the defendants' actions denied him his constitutional right to patronage and free association, although it clearly denied defendants' request for qualified immunity on these claims. This court assumes that Waddell's claims for wrongful termination based upon violations of his constitutional rights for free association and patronage survive the district court's summary judgment rulings. This court lacks jurisdiction to review the court's denial of summary judgment on these claims, however. The district court's denial of qualified immunity was based upon a weighing of the evidence; the crux of the

defendants' argument  on appeal is that the court improperly gave weight to conclusory allegations, did not take "the chronology of events" into account, and did not give enough credence to Williams' affidavit.  A summary-judgment determination based upon whether there is sufficient evidence to create a genuine issue of material fact is not subject to immediate appeal.  See Hare v. City of Corinth, Miss., 74 F.3d 633, 638 (5th Cir. 1996)(en banc); see also  Southard v. Texas Bd. of Criminal Justice, 114 F.3d 539, 548 (5th Cir. 1997).

AFFIRMED IN PART; DISMISSED IN PART FOR LACK OF JURISDICTION.